UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FLORENCE LUNDE,

    Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, FLORENCE LUNDE, (hereinafter "Plaintiff") through undersigned counsel, hereby files this Complaint and sues CLEVELAND CLINIC FLORIDA, (hereinafter referred to as "the Defendant" or "CLEVELAND CLINIC"), and states as follows:

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Court has supplemental jurisdiction over the Plaintiff's claim for breach of contract.

2. Venue is proper in this Court, the Southern Division, pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern District of Florida in that all the events giving rise to the lawsuit occurred in Broward County, Florida at CLEVELAND CLINIC FLORIDA's Weston location, (hereinafter "Subject Facility") and/or also maintains and controls the Subject Facility located at 2800 S. Commerce

Parkway, Weston, Florida 33331 ("Subject Property").

**PARTIES**

6. Plaintiff, FLORENCE LUNDE is sui juris and is a resident of Broward County in the state of Florida. She is an individual with a qualified disability under the ADA known as Post Polio Syndrome resulting in impairment of motor and sensory functions throughout her body. Because Plaintiff is required to transverse in a wheelchair, she is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, and bending. Plaintiff's disability also substantially limits her from reaching, grasping, transferring from her wheelchair without assistance among other life activities.

7. Plaintiff is a regular patient of several clinics at Defendant's facility where she treats on a regular basis. During Plaintiff's repeated visits to the Defendant's facility has been denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though she would be classified as a "bona fide patron". Specifically, Defendant failed to remove barriers to the parking, pathways, and waiting areas.

8. Plaintiff will continue to avail herself of the services offered at the facility in the future, provided that the Defendant modifies the premises or modifies it's policies and practices to accommodate individuals who use wheelchairs or other mobility aids.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

10. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

11. Plaintiff has difficulty accessing the Subject Facility due to noncompliant slopes in the disabled parking access aisles and noncompliant curb ramps.

12. Plaintiff has difficulty maneuvering her chair in various parts of the examination areas that do not provide sufficient space to allow for a compliant turn radius.

13. Plaintiff has difficulty due to Defendant's failure to provide an accessible patient drop off area.

14. Plaintiff has difficulty due to Defendant's failure to provide designated spaces and sufficient space in the clinic waiting rooms where she can sit in her wheelchair next to her personal care attendant.

15. Defendant, CLEVELAND CLINIC, is a private non-profit and is authorized to conduct and is in fact conducting business within the state of Florida. Upon information and belief, Defendant, is the owner and operator of a public accommodation at the subject property.

16. CLEVELAND CLINIC is a public accommodation within the meaning of the Americans with Disabilities Act.

17. CLEVELAND CLINIC is owned and operated by the Cleveland Clinic Foundation. The Cleveland Clinic Foundation reported total patient revenue of $8 billion revenue in 2016 with $243 million operating income.

18. CLEVELAND CLINIC is a recipient of federal financial assistance or funding and is required to comply with Section 504 of the Rehabilitation Act of 1973 (also referred to as "Section 504" or "Rehab Act"). Cleveland Clinic Foundation has been awarded various federal contracts, grants, direct payments and loans. A single award from the Department of Defense obligated funds to Cleveland Clinic Foundation over Two Million Dollars ($2,028,057.00).

19. CLEVELAND CLINIC accepts medicare insurance plans which also subjects it to Section 504.

20. CLEVELAND CLINIC is a public accommodation and is required to comply with Title III of the Americans with Disabilities Act (ADA) and regulations propounded by the

United States Department of Justice under the ADA.

21. Plaintiff has performed all conditions precedent prior to pursuing this action

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "21" of this complaint as if fully stated herein.

21. Over 30 years ago, on July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

22. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

    i.    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii.    provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

24. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith. The buildings and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

25. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

26. During Plaintiff's visits to the Subject Property she has been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Defendant failed to remove barriers to the clinic waiting areas, accessible paths, patient drop off area and parking areas for disabled persons. The violations are more specifically set forth in below.

27. Plaintiff intends to return repeatedly in the future as needed for medical care. However, Plaintiff is precluded from equal access to health care by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barrier, policies and procedures which are in violation of the ADA.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

29. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

    a. providing access aisles for disabled parking with noncompliant slopes which are not accessible for disabled persons using wheelchairs;
    b. failure to provide an accessible path to the Subject Facility which contains pathways containing noncompliant slopes;

    c.  failure to compliant curb ramps preventing accessibility for disabled persons;

    d.  failure to provide a passenger loading zone for a person(s) with disabilities as required by 2010 ADAAG §209, 209.1, 209.4 503, 503.1; and

    e.  failure to provide designated spaces for persons with disabilities and their care attendants in the clinic waiting areas..

30. To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violations set forth in paragraph 29.

31. An inspection determined that the violations referenced in Paragraph 29 are still outstanding.

32. Defendant is charged with having knowledge of the violations and has actual knowledge of the same.

33. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

34. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

35. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

36. All of the above violations are readily achievable to modify in order to bring the Subject Facility/Subject Property into compliance with the ADA as the modifications can be

easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

37. Upon information and belief, the Defendant has the financial resources to make the necessary modifications.

38. Upon information and belief, the Property has been altered since 2010.

39. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 29 can be applied to the 1991 ADAAG standards.

40. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and usable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA;

B. That this Honorable Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff; and

E. That this Honorable Court award such other and further relief as it may deem necessary, just and proper.

### COUNT II - VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

40. Plaintiff restates paragraphs 1 through 21, and 29 through 33 as if alleged herein.

41. Plaintiff has a physical impairment that substantially limits the major life activities of hearing and speaking. Therefore Plaintiff is an individual with a disability under 29 U.S.C. § 705(20).

42. CLEVELAND CLINIC is an private organization, which is principally engaged in the business of providing health care and receives funding from the federal government by and through medicare and medicaid, and government grants, loans, contracts and direct payments subjecting it to 29 U.S.C. § 794.

43. Therefore, CLEVELAND CLINIC is a recipient of federal financial assistance and subject to 29 U.S.C. § 794.

44. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, et seq., require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in, be denied the benefit of, or otherwise discriminated against in the services, programs, or activities which receive Federal financial assistance.

45. CLEVELAND CLINIC intentionally and repeatedly violated Section 504 of the Rehabilitation Act by subjecting FLORENCE LUNDE to discrimination by denying equal access to healthcare and to the medical facility which is a public accommodation.

46. Specifically, CLEVELAND CLINIC violated Section 504 of the Rehabilitation Act by failing to provide an accessible path from the parking to the Subject Facility, failing to provide an accessible patient drop off area, failing to provide sufficient space and a designated space for her wheelchair to sit next to her personal care attendant and by failing to provide compliant accessible parking.

47. The noncompliant access aisles, curb ramps and patient drop off area cause difficulty and danger for Plaintiff when attempting to access the Subject Facility.

48. CLEVELAND CLINIC had actual knowledge of its obligation to provide equal access to healthcare and medical services for FLORENCE LUNDE.
CLEVELAND CLINIC's continuous actions in regards to FLORENCE LUNDE are either intentional, or in deliberate indifference to her rights as a person with a disability.

49. Plaintiff has suffered emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendant's violations of Section 504 of the Rehabilitation Act due to Defendant's intentional violations of Section 504.

50. WHEREFORE, Plaintiff, FLORENCE LUNDE respectfully requests that this Court grant the following relief against Defendant, CLEVELAND CLINIC FLORIDA including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that CLEVELAND CLINIC FLORIDA's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, permanently enjoining CLEVELAND CLINIC FLORIDA from any practice, policy, and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services. This includes entering a permanent injunction ordering CLEVELAND CLINIC:

    a. To cease discriminating against Plaintiff and other patients with disabilities;
    b. To promulgate, train and comply with policies and procedures to ensure that

  CLEVELAND CLINIC FLORIDA and their employees and/or agents do not discriminate against individuals with disabilities;

  c. To provide healthcare services that ensure Plaintiff has full and equal access to CLEVELAND CLINIC FLORIDA's entire health care facility, including examination tables, rooms and scales in the main building;

  e. Award compensatory and punitive damages;

  f. Award reasonable costs and attorneys' fees;

  g. Award any and all other relief that this Court deems proper.

### COUNT III - BREACH OF CONTRACT

51. Plaintiff restates paragraphs 1 through 21, as if alleged herein.
52. Plaintiff filed a prior action due to barriers experienced in 2018 and earlier addressing the barriers alleged herein ("Prior Action").
53. Prior to institution this action the Parties entered into a Confidential Settlement Agreement and Release to amicably resolve the barriers alleged by Plaintiff.
54. Thereafter the Parties entered into a Confidential Addendum.
55. Without stating the terms of the Confidential Agreement and Addendum, Plaintiff alleges that Defendant breached the confidential agreement.
56. Plaintiff performed all conditions precedent required by the Parties confidential agreement.
57. The Parties have entered into a confidential agreement.
58. Plaintiff has suffered damages due to Defendant's breach including, attorneys fees for presuit assistance by counsel, lack of equal access to medical care, shame and severe emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

a. That this Honorable Court declares that Defendant breached the Parties confidential agreement;

b. That this Honorable Court enter an Order requiring Defendant to compensate Plaintiff for the damages she suffered as a result of Defendant's breach; and

c. That this Honorable Court enforce the Parties confidential agreement.

Dated this 7th day of October 2021.

                                            Respectfully submitted,

                                            **The Advocacy Group**
                                            *Attorneys for Plaintiff*
                                            100 S. Biscayne Blvd. Ste 300
                                            Miami, FL 33131
                                            Telephone: (954) 282-1858
                                            Service Email: service@advocacypa.com

                                            By: */s/ Jessica L. Kerr*
                                            Jessica L. Kerr, Esq.
                                            Fla. Bar No. 92810